# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

YOON PAE,
**individually and on behalf of
all others similarly situated,**                    CASE NO. 20-CV-325
               Plaintiff,

        v.

**WOORI WELLS CORP.
d/b/a Maru Sushi, Kanpai 2, and Kanpai Izakaya,**

**WOORI, CORP.
d/b/a Maru Sushi, Kanpai 2, and Kanpai Izakaya,**

**Kanpai Japanese Restaurant,
d/b/a Maru Sushi, Kanpai 2, and Kanpai Izakaya,**

**Kanpai 2,
d/b/a Maru Sushi, Kanpai 2, and Kanpai Izakaya,**

**Maru Sushi,
d/b/a Maru Sushi, Kanpai 2, and Kanpai Izakaya,**

**Jong Soo Kim,**

        **and**

**Hye Jung Kim,**

               **Defendants.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Plaintiff Yoon Pae,

individually and on behalf of all other similarly-situated current and former

employees who work or have worked as Sushi Chefs at Maru Sushi, Kanpai Izakaya, and Kanpai 2.

2. Plaintiff Yoon Pae and the putative class members are, or were, Sushi Chefs at Defendants' sushi restaurants Maru Sushi, Kanpai Izakaya, and Kanpai 2 at times since February 28, 2017. Since that time Defendants have had a common policy and practice of failing to pay its Sushi Chefs overtime premium compensation for all hours worked in excess of forty in a given workweek. As a result of these common policies and practices, Defendants have failed to compensate Plaintiff Yoon Pae and the putative class members for overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws.

3. Plaintiff Yoon Pae brings this action, individually and on behalf of other similarly-situated current and former Sushi Chefs, as a collective action pursuant to the FLSA, for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Yoon Pae also brings this action, individually and on behalf of other similarly-situated current and former Sushi Chefs, pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

5.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Woori Wells Corporation, Defendant Jong Soo Kim, and Defendant Hye Jung Kim have substantial and systematic contacts in this district.

## PARTIES

7.    Defendant Woori Wells Corp. is a Wisconsin Corporation with a principal office at W244N2733 Single Tree Drive, Pewaukee, Wisconsin, 53072-6448.

8.    Defendant Woori Wells Corp.'s registered agent for services is Jong Soo Kim. Defendant Woori Wells Corp.'s registered agent office is located at W244N2733 Single Tree Drive, Pewaukee, Wisconsin, 53072-6448.

9.    Defendant Woori Wells Corp. has done and continues to do business as Kanpai Izakaya, Kanpai 2, and Maru Sushi.

10.    Defendant Woori, Corp. is a Wisconsin Corporation with a principal office at 408 East Chicago, Milwaukee, Wisconsin 53202-5826.

11.     Defendant Woori, Corp.'s registered agent for services is Jong Soo Kim. Defendant Woori, Corp.'s registered agent office is located at 408 East Chicago, Milwaukee, Wisconsin 53202-5826.

12.     Defendant Woori Wells Corp. has done and continues to do business as Kanpai Izakaya, Kanpai 2, and Maru Sushi.

13.     Defendant Kanpai Japanese Restaurant is an unincorporated business entity operated by Jong Soo Kim that has done and continues to do business as Kanpai Izakaya, Kanpai 2, and Maru Sushi.

14.     Defendant Kanpai 2 is an unincorporated business entity operated by Jong Soo Kim that has done and continues to do business as Kanpai Izakaya, Kanpai 2, and Maru Sushi.

15.     Defendant Maru Sushi is an unincorporated business entity operated by Jong Soo Kim that has done and continues to do business as Kanpai Izakaya, Kanpai 2, and Maru Sushi.

16.     Defendant Jong Soo Kim ("Defendant Jong Soo") and Defendant Hye Jung Kim ("Defendant Hye Jung") own and operate Woori Wells Corp.

17.     Defendant Jong Soo and Defendant Hye Jung Kown and operate Woori, Corp.

18.     Defendant Jong Soo and Defendant Hye Jung own and operate Kanpai Japanese Restaurant.

19.     Defendant Jong Soo and Defendant Hye Jung own and operate Kanpai 2.

20.     Defendant Jong Soo and Defendant Hye Jung own and operate Maru Sushi.

21.     Defendant Woori Wells Corp., Defendant Woori, Corp., Defendant Kanpai Japanese Restaurant, Defendant Kanpai 2, Defendant Maru Sushi, Defendant Jong Soo Kim, and Defendant Hye Jung Kim are joint employers and are collectively referred to herein as "Woori Wells."

22.     Plaintiff Yoon Pae (hereinafter "Plaintiff Pae") is an adult resident of Milwaukee County in Wisconsin. Plaintiff Pae's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached, as Exhibit A, to and is made a part of this Complaint.

23.     Plaintiff Pae brings this action on behalf of himself and all other similarly-situated employees in the FLSA Sushi Chef Class, as authorized under FLSA, 29 U.S.C. § 216(b). The **FLSA Sushi Chef Class** is defined as follows:

> All persons who worked for Woori Wells as a Sushi Chef within three years prior to this action's filing and were not paid one and one-half times their hourly rate for all hours worked in excess of forty hour in a workweek.

24.     Plaintiff Pae brings this action on behalf of himself and all other similarly situated employees in the Wisconsin Sushi Chef Class, pursuant to FED. R. CIV. P. 23. The **Wisconsin Sushi Chef Class** is defined as follows:

> All persons who worked for Woori Wells as a Sushi Chef within two years prior to this action's filing and were not paid one and one-half times their hourly rate for all hours worked in excess of forty hours in a workweek.

25.     The FLSA Sushi Chef Class and the Wisconsin Sushi Chef Class will be referred to collectively hereinafter as the "Sushi Chef Classes."

## GENERAL ALLEGATIONS

26.     Since February 28, 2017, Woori Wells has and continues to operate a sushi restaurant by the name of Kanpai Izakaya located at 408 E. Chicago Street, in Milwaukee, Wisconsin.

27.      Since February 28, 2017, Woori Wells has and continues to operate a sushi restaurant by the name of Kanpai 2 and/or Maru Sushi located at 2150 N. Prospect Avenue, in Milwaukee, Wisconsin.

28.     Since February 28, 2017, Woori Wells employed members of the Sushi Chef Classes at these restaurants.

29.     Plaintiff Pae and the Sushi Chef Classes work, or have worked, for Woori Wells as Sushi Chefs at times since February 28, 2017.

30.     Since February 28, 2017, Woori Wells agreed to pay Plaintiff Poe and the Sushi Chef Classes weekly.

31.     Since February 28, 2017, Woori Wells has regularly suffered or permitted Plaintiff Pae and the Sushi Chef Classes to work in excess of forty hours in a given workweek.

32.     Since February 28, 2017, Woori Wells—by and through Defendant Jong Soo and Defendant Hye Jung— has been aware that Plaintiff Pae and the Sushi Chef Classes worked in excess of forty hours in various workweeks.

33.     Since February 28, 2017, Woori Wells has paid Plaintiff Pae and the Sushi Chef Classes an agreed upon salary when they worked their normal weekly schedule.

34.     During the workweek ending April 7, 2019, Plaintiff Pae's normal weekly schedule was 55 hours.

35.     During the workweek ending April 7, 2019, Plaintiff Pae's agreed upon salary was $1,000 for that normal weekly schedule.

36.     Since February 28, 2017, when Plaintiff Pae and the Sushi Chef Classes worked more than their normal weekly schedule, Woori Wells paid them an hourly rate for those additional hours calculated by taking the agreed upon salary and dividing it by the number of hours in the normal weekly schedule.

37.     During the workweek ending April 7, 2019, Plaintiff Pae worked six hours over his normal weekly schedule of 55 hours.

38.     During the workweek ending April 7, 2019, Woori Wells calculated Plaintiff Pae's hourly wage by dividing the agreed upon salary of $1,000 by 55 hours which equals an hourly rate of $18.18 per hour.

39.     During the workweek ending April 7, 2019, Woori Wells paid Plaintiff Pae for the additional six hours worked at a rate of $18.18 per hour.

40.     Since February 28, 2017, when Plaintiff Pae and the Sushi Chef Classes worked less than their normal weekly schedule, Woori Wells reduced their agreed upon salary by an hourly rate for those hours calculated by taking the

agreed upon salary and dividing it by the number of hours in the normal weekly schedule.

41.     Since February 28, 2017, Woori Wells has failed to pay Plaintiff Pae and the Sushi Chef Classes overtime premium compensation at a rate of one and one-half times the regular rate for all hours Plaintiff Pae and the Sushi Chef Classes worked in excess of forty hours in each workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA").

42.     Since February 28, 2018, Worri Wells has also failed to pay Plaintiff Pae and the Sushi Chef Classes overtime premium compensation at a rate of one and one-half times the regular rate for all hours Plaintiff Pae and the Sushi Chef Classes worked in excess of forty hours in each workweek in violation of Wisconsin Law.

43.     Worri Wells failed to keep accurate records of the hours worked by Plaintiff Pae and the Sushi Chef Classes and accurate records of the compensation it paid to Plaintiff Pae and the Sushi Chef Classes.

44.     Worri Wells's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Pae and the Sushi Chef Classes.

45.     Defendant Jong Soo has had and continues to control the day-to-day operations of Worri Wells.

46.     Defendant Jong Soo has and continues to have operational control of Worri Wells.

47.     Defendant Jong Soo has and continues to have control over all human resources and compensation aspects of Worri Wells.

48.     Defendant Jong Soo determined the rates and methods of compensation for Plaintiff Pae and the Sushi Chef Classes and determined that Worri Well's Sushi Chef's would not be paid an overtime premium compensation for all hours worked in excess of forty hours in a workweek by Plaintiff Pae and the Sushi Chef Classes.

49.     Defendant Hye Jung has had and continues to control the day-to-day operations of Worri Wells.

50.     Defendant Hye Jung has and continues to have operational control of Worri Wells.

51.     Defendant Hye Jung has and continues to have control over all human resources and compensation aspects of Worri Wells.

52.     Defendant Hye Jung determined the rates and methods of compensation for Plaintiff Pae and the Sushi Chef Classes and determined that Worri Well's Sushi Chef's would not be paid an overtime premium compensation for all hours worked in excess of forty hours in a workweek by Plaintiff Pae and the Sushi Chef Classes.

53.     Defendant Woori Wells Corp., Defendant Woori, Corp., Defendant Kanpai Japanese Restaurant, Defendant Kanpai 2, Defendant Maru Sushi, Defendant Jong Soo, and Defendant Hye Jung are joint employers.

## COLLECTIVE ACTION ALLEGATIONS OF THE COLLECTIVE CLASS ES UNDER THE FLSA

54.     Plaintiff Pae and the FLSA Sushi Chef Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Worri Wells's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules that willfully fail and refuse to adequately compensate them for each hour worked including overtime compensation. The FLSA claims of the Plaintiff Pae, as stated herein, are the same as those of the Collective Class he seeks to represent.

55.     Plaintiff Pae and the FLSA Sushi Chef Class seek relief on a collective basis and challenge the policies and practices which lead to federal wage violations.

56.     As a result of the above alleged uniform pay practices, Worri Wells has failed to pay Plaintiff Pae and the Sushi Chef Class overtime wages for all hours worked in excess of forty per week.

57.     The Sushi Chef Class is readily ascertainable. For purposes of Notice and other purposes related to this action, their names, phone numbers, social security numbers, email addresses, and street addresses are readily available from Worri Wells. Notice can be provided to the Sushi Chef Class via first class mail to the last street address known to Worri Wells, via email, and via text message.

## RULE 23 CLASS ALLEGATIONS

58.     Plaintiff Pae brings his Wisconsin state law claim, pursuant to the Wisconsin wage laws, under Fed. R. Civ. P. 23 on behalf of the Wisconsin Sushi Chef Class for violations occurring on or after February 28, 2018.

59.     The members of the Wisconsin Sushi Chef Class are readily ascertainable. The number and identity of the members of the Wisconsin Sushi Chef Class are ascertainable from the records of Worri Wells. The proposed Wisconsin Sushi Chef Class is so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a Class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Worri Wells, upon information and belief, there are more than forty members in the Wisconsin Sushi Chef Class.

60.     Plaintiff Pae's claims are typical of those claims which could be alleged by any member of the Wisconsin Sushi Chef Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Sushi Chef Class in separate actions. The alleged claims arise out of the same corporate practices of Worri Wells and Worri Wells benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Sushi Chef Class member. Plaintiff Pae and to the members of the Wisconsin Sushi Chef Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

61.     Plaintiff Pae is able to fairly and adequately protect the interests of the Wisconsin Sushi Chef Class, has no interests antagonistic to the Wisconsin Sushi Chef Class, and has retained counsel experienced in complex wage and hour class action litigation.

62. There are questions of fact and law common to the Wisconsin Sushi Chef Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Worri Wells's actions include, but are not limited to, the following:

> a) Whether Worri Wells failed to pay Plaintiff Pae and the Wisconsin Sushi Chef Class overtime premium compensation for all work Worri Wells suffered or permitted them to perform at the applicable overtime premium compensation rate as required by Wisconsin law; and

> b) The nature and extent of class-wide injury and the calculation used to measure of damages for the injury.

63. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs with relatively small claims are often dissuaded from prosecuting separate lawsuits in federal court due to the cost of litigation.

64. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime Compensation Due to the FLSA Sushi Chef Class

65. Plaintiff Pae, individually and on behalf of the FLSA Sushi Chef Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

66. Since February 28, 2017, Plaintiff Pae and the FLSA Sushi Chef Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

67. Since February 28, 2017, Worri Wells has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r)(1).

68. Since February 28, 2017, Plaintiff Pae and the members of the FLSA Sushi Chef Class have been employees within the meaning of 29 U.S.C. § 203(e).

69. Since February 28, 2017, Worri Wells has been an employer of Plaintiff Pae and the members of the FLSA Sushi Chef Class as provided under 29 U.S.C. § 203(d).

70. Since February 28, 2017, Worri Wells has violated the FLSA by failing to pay overtime compensation due to Plaintiff Pae and the FLSA Sushi Chef Class for each hour worked in excess of forty hours in any given workweek.

71. Plaintiff Pae and the FLSA Sushi Chef Class are entitled to damages equal to the mandated overtime premium pay for all hours worked over forty in a given workweek within the three years prior to the filing of this matter, plus periods of equitable tolling because Worri Wells acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

72. Worri Wells failure to properly compensate Plaintiff Pae and the FLSA Sushi Chef Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Pae and the FLSA Sushi Chef Class are therefore entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. 29 U.S.C. § 216(b).

73.     Alternatively, should the Court find that Worri Wells did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Pae and the FLSA Sushi Chef Class are entitled to an award of pre-judgment interest at the applicable legal rate.

74.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Pae and the FLSA Sushi Chef Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

**SECOND CLAIM FOR RELIEF**
**<u>Violation of Wisconsin Law – Unpaid Overtime Compensation</u>**
**<u>Due to Wisconsin Sushi Chef Class</u>**

75.     Plaintiff Pae, individually and on behalf of the Wisconsin Sushi Chef Class, realleges and incorporates by reference all preceding paragraphs as if restated herein.

76.     Since February 28, 2018, Plaintiff Pae and the Wisconsin Sushi Chef Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

77.     Since February 28, 2018, Plaintiff Pae and the Wisconsin Sushi Chef Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

78.     Since February 28, 2018, Plaintiff Pae and the Wisconsin Sushi Chef Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

79. Since February 28, 2018, Worri Wells Corp. was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

80. Since February 28, 2018, Worri Wells Corp. was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

81. Since February 28, 2018, Worri Wells Corp. was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

82. Since February 28, 2018, Worri Wells Corp. has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

83. Since February 28, 2018, Worri Wells Corp. has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

84. Since February 28, 2018, Worri Wells Corp. has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

85. Since February 28, 2018, Worri Corp. was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

86. Since February 28, 2018, Worri Corp. was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

87. Since February 28, 2018, Worri Corp. was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

88. Since February 28, 2018, Worri Corp. has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

89. Since February 28, 2018, Worri Corp. has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

90. Since February 28, 2018, Worri Corp. has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

91. Since February 28, 2018, Kanpai Japanese Restaurant was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

92. Since February 28, 2018, Kanpai Japanese Restaurant was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

93. Since February 28, 2018, Kanpai Japanese Restaurant was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

94. Since February 28, 2018, Kanpai Japanese Restaurant has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

95. Since February 28, 2018, Kanpai Japanese Restaurant has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

96.     Since February 28, 2018, Kanpai Japanese Restaurant has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

97.     Since February 28, 2018, Kanpai 2 was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

98.     Since February 28, 2018, Kanpai 2 was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

99.     Since February 28, 2018, Kanpai 2 was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

100.    Since February 28, 2018, Kanpai 2 has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

101.    Since February 28, 2018, Kanpai 2 has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

102.    Since February 28, 2018, Kanpai 2 has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

103.    Since February 28, 2018, Maru Sushi was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

104.    Since February 28, 2018, Maru Sushi was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

105.     Since February 28, 2018, Maru Sushi was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

106.     Since February 28, 2018, Maru Sushi has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

107.     Since February 28, 2018, Maru Sushi has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

108.     Since February 28, 2018, Maru Sushi has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

109.     Since February 28, 2018, Jong Soo Kim was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

110.     Since February 28, 2018, Jong Soo Kim was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

111.     Since February 28, 2018, Jong Soo Kim was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

112.     Since February 28, 2018, Jong Soo Kim has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

113.    Since February 28, 2018, Jong Soo Kim has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

114.    Since February 28, 2018, Jong Soo Kim has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

115.    Since February 28, 2018, Hye Jung Kim was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

116.    Since February 28, 2018, Hye Jung Kim was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

117.    Since February 28, 2018, Hye Jung Kim was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

118.    Since February 28, 2018, Hye Jung Kim has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

119.    Since February 28, 2018, Hye Jung Kim has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

120.    Since February 28, 2018, Hye Jung Kim has employed, and/or continues to employ, Plaintiff Pae and the Wisconsin Sushi Chef Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

121.    Since February 28, 2018, Plaintiff Pae and the Wisconsin Sushi Chef Class have regularly performed work in excess of forty hours per workweek while employed by Worri Wells without receiving overtime premium compensation for all hours worked in excess of forty hours per week.

122.    Since January 10, 2018, Worri Wells had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Pae and the Wisconsin Sushi Chef Class for all hours worked in excess of forty hours per week.

123.    Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

124.    The foregoing conduct of Worri Wells, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime and agreed upon wages.

125.    As set forth above, Plaintiff Pae and the Wisconsin Sushi Chef Class have sustained losses in their compensation as a proximate result of Worri Wells's violations. Accordingly, Plaintiff Pae, individually and on behalf of the Wisconsin Sushi Chef Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Worri Wells to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

126.    Under Wis. Stat. § 109.11, Plaintiff Pae and the Wisconsin Sushi Chef Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

127.    Under Wis. Stat. § 109.03(6), Plaintiff Pae and the Wisconsin Sushi Chef Class are entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Worri Wells.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Pae, individually and on behalf of all members of the Sushi Chef Classes, hereby respectfully requests the following relief:

a)    At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Sushi Chef Class and allowing issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b)    At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Sushi Chef Class;

c)    At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d)    An order designating Plaintiff Pae as the Named Plaintiff and as representative of the Wisconsin Sushi Chef Class;

e)    Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f)    Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Worri Wells's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

g)    An Order finding that Worri Wells violated FLSA and Wisconsin wage and hour law;

h) Judgment against Worri Wells in the amount equal to Plaintiff Pae's and the Sushi Chef Classes' unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

i) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

k) Such further relief as the Court deems just and equitable.

Dated this 28th day of February 2020.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs


By: s/ *Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442

Telephone: 414-271-8650
Fax: 414-271-8442
Email:      ljohnson@hq-law.com
              smurshid@hq-law.com
              tmaynard@hq-law.com