UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

YOON PAE,
Individually and on behalf of
all others similarly situated,
        Plaintiff,

v.

CASE NO. 20-CV-00325

WOORI WELLS CORP.,
d/b/a Maru Sushi, *et al.*
        Defendants.

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT,
DISMISSAL OF CLAIMS WITH PREJUDICE, AND
ENTRY OF MANDATORY INJUNCTION**

Pursuant to FED. R. CIV. P. 7(b) and Civ. L. R. 7, Plaintiff Yoon Pae (the "Named Plaintiff"), on behalf of himself and those individuals who opted into the collective class (the "Opt-Ins") (collectively "Plaintiffs"), by their attorneys, Larry A. Johnson, Summer H. Murshid, and Timothy P. Maynard, of Hawks Quindel, S.C., and Defendants Woori Wells Corp., Woori, Corp, Kanpai Japanese Restaurant, Kanpai 2, Maru Sushi, Jong Soo Kim, and Hye Jung Kim (collectively "Defendants") by their attorneys, David J. Lang and Andrew R. Helminiak, of Judge Lang & Katers, LLC, hereby respectfully move the Court for an Order to (a) approve the Settlement Agreement; (b) upon approval of the Settlement Agreement, dismiss this action with prejudice and without further costs to any party pursuant to FED. R. CIV. P. 41; and (c) entry of a mandatory injunction requiring Defendants make the payments provided for in the Settlement Agreement.

In support of this motion, the Parties state as follows:

1.  Named Plaintiff and Defendants have reached a settlement of the all Plaintiffs' claims. Pursuant to the Settlement Agreement, in exchange for a monetary payment, the Named Plaintiff and the Opt-Ins will upon Court approval, release certain claims as provided in Sections II.A.-D. of the Settlement Agreement. A copy of the Plaintiff and Defendants (the "Parties") Settlement Agreement is being filed as Exhibit A to this motion.

2.  In order for a private settlement of Fair Labor Standards Act claims to be enforceable, the settlement must be approved by the Department of Labor or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) ("[s]tipulated settlements in a FLSA case must be approved by the Court....").

3.  When reviewing the fairness of a settlement under the FLSA, a court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id.* (internal quotation and citation

omitted). A court reviewing a FLSA settlement "may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id*. (internal quotation and citation omitted). Courts look to the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.
>
> *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 WL 1736498, at *6 (W.D. Wis. Apr. 29, 2016)(citing *Burkholder*, 750 F. Supp. 2d at 995).

4. Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along with the entry of a mandatory injunction compelling Defendants to comply with the terms of the Settlement Agreement by making certain payments and dismissing the action with prejudice and without further costs to either party.

5. Plaintiffs' Counsel initially met with the Named Plaintiff in late 2019 and worked with them to obtain evidence of the alleged violations and further investigate the claims. After filing the complaint, the Parties stipulated to conditionally certify the class and Plaintiffs' Counsel sent notice out to the members of that conditionally certified classes. The Parties engaged in discovery, including the production of initial disclosures and numerous payroll records for Named

Plaintiff and Opt-In Plaintiffs. Plaintiffs' Counsel analyzed Defendants' payroll records and built a damages model. The Parties then engaged in arm's length negotiations and resolved the matter.

6. The Parties have engaged in good faith, arms-length settlement discussions over numerous months and reached a settlement of the *bona fide* disputes that are fundamental to both Plaintiffs' claims and the Defendants' defenses.

7. Plaintiffs alleged that while employed by both Defendants, they were not paid minimum wages and overtime compensation as required by the FLSA and Wisconsin's wage payment and collection laws. (ECF No. 1.) There are actual factual disputes which would have compelled the Parties to trial in this matter, including:

> (a.) Whether Defendants failed to properly calculate the proper overtime rate for the Collective Class;
>
> (b.) Whether Defendants failed to properly pay the applicable overtime rate for the Collective Class;
>
> (c.) The amount of overtime wages for which Named Plaintiff and the Collective Class were entitled to receive as compensation from Defendants under the FLSA and Wisconsin law;
>
> (d.) Whether Defendants failed to keep accurate records of the hours worked by Named Plaintiff and the Collective Class;

(e.) Whether Defendants acted willfully in failing to pay Named Plaintiff and the Collective Class the proper overtime compensation; and

(f.) Whether Defendants acted in good faith.

8. The Parties settlement negotiations were contested, took place over a period of months, and were at arms-length. Plaintiffs' Counsel reviewed and analyzed substantial payroll records produced by Defendants through discovery, including building a damages model. Plaintiffs' Counsel shared the model with Defendants' Counsel and negotiated a resolution of the matter based upon the strength of each type of claim. Additionally, the Parties settlement negotiations took into consideration Defendants' ability to withstand judgment and other legal proceedings.

9. The Settlement Agreement represents a fair resolution of Plaintiffs' claims in light of Counsel's review of the merits of the claims and defenses to such claims as well as the review and analysis of the evidence related thereto.

10. Attorneys' fees and costs are recoverable under the FLSA and Wisconsin wage and hour laws. See 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6). Plaintiffs' Counsel undertook representation of Plaintiffs in this matter on a 33.33% plus costs incurred contingent basis. Under the Parties' Settlement Agreement, Plaintiffs' Counsel will receive $18,666.67 attorneys' fees after reimbursement of $672.90 incurred in costs in this matter. This amounts to a recovery of 33.33% of the common settlement fund for attorneys' fees – precisely the amount Plaintiffs and

Plaintiffs' Counsel agreed to. Plaintiffs' Counsel's fee recovery is well within the market rate for contingent wage and hour litigation in U.S. District courts in Wisconsin – which regularly approve fee awards of 33.3% plus costs. *See Meetz v. Wisconsin Hospitality Group LLC*, 1:16-cv-01313-WCG, ECF No. 194 (October 31, 2018) (approving a 33.33% contingency fee totaling $666,666 of a $2,000,000 common fund, plus $23,074.67 in costs); *Ehmann v. Pierce Mfg.*, 1:16-CV-00247-WCG, ECF Nos. 143, 151 (May 31, 2017) (approving a 33.33% contingency fee totaling $1,700,000 of a $5,100,000 common fund, plus costs); *Bonnett v. Universal Metrics, Inc.*, No. 17-cv-1742-NJ, 2018 U.S. Dist. LEXIS 167760, at *2 (E.D. Wis. Sep. 28, 2018) (approving 33.33% contingency fee); *Pintor v. Hypro, Inc.*, 2018 U.S. Dist. LEXIS 168845, at *3 (E.D. Wis. Oct. 1, 2018) (same); *Pintor v. Fall River Grp., Inc*, No. 17-cv-865-pp, 2018 U.S. Dist. LEXIS 169477, at *2 (E.D. Wis. Oct. 1, 2018) (same); *Brandt v. WSB-Grafton, Inc.*, No. 16-cv-1588-pp, 2017 U.S. Dist. LEXIS 171155, at *2 (E.D. Wis. Oct. 17, 2017) (same); *Yu v. Millwood Inc.*, 2:17-cv-00324-NJ, ECF No. 66 (May 18, 2018) (same); *Demeuse v. Community Traffic Control LLC*, 2:16-cv-00651-PP, ECF No. 48 (January 11, 2018) (same); *Rossman v. A.R.M. Corporation d/b/a/ Comfort Keepers, et al.*, 1:16-cv-00493-WCG, ECF No. 94 (December 15, 2017) (same); *Thompson et al., v. Carma Laboratories*, 16-CV-00030-DEJ, ECF No. 31 (E.D. Wis. August 15, 2016) (same); *Johannsen v. Lyall Manufacturing WI, Inc.*, 2:15-cv-00897-DEJ ECF No. 45 (E.D. Wis. September 12, 2016) (same); *Johannsen et al., v. Argon Industries*, 15-CV-1080-JPS, ECF No. 70 (E.D. Wis. July 15, 2016) (same); *Hanson v. Helgesen Industries, Inc.*, 2:15-cv-00878-

DEJ, ECF No. 112 (E.D. Wis. September 14, 2016) (same); *Webb et al., v. Midwestern Wheels Inc., et al.,* 15-CV-1538, ECF No. 42 (W.D. Wis. July 5, 2016) (same); *Ordonez v. Pop Manufacturing, Inc., et al.,* 15-CV-823-JPS, ECF Nos. 32, 34 (E.D. Wis. October 30, 2015) (same); *Nordgren, Evan v. Epic Systems Corp.*, 3:13-CV-00840-BBC, ECF No. 88 (W.D. Wis. March 20, 2015) (same); *Beierle et al., v. BR Metal Technology*, 13-CV-01280-CNC, ECF No. 28, 40 (E.D. Wis. June 26, 2014) (same); *Williams v. Cargill*, 2:09-cv-01006-LA, ECF No. 81 (E.D. Wis. Mar. 23, 2014) (same); *Hernandez v. La Fuente Ltd.*, 13-CV-366-RTR, ECF No. 102 (E.D. Wis. Oct. 15, 2014) (same); *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, 11-CV-592-WMC, ECF No. 150 (W.D. Wis. Oct. 23, 2013) (same); *Denk v. Pine Ridge Assisted Living et al.*, 3:11-cv-00210-WMC, ECF No. 81 (W.D. Wis. Aug. 7, 2012) (same).

11. The Settlement Agreement provides that upon the Court's Approval, the Parties agree to the entry of an "Order of Dismissal and Entry of Mandatory Injunction" (the "Mandatory Injunction Order") in the form of Exhibit B to the Settlement Agreement. The Mandatory Injunction Order requires Defendants deliver payments to Plaintiffs' Counsel pursuant to the schedule therein. The Mandatory Injunction Order also permits the Court to retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and Mandatory Injunction Order.

12. Pursuant to Civ. L. R. 7, the Parties hereby certify that this joint motion is submitted without a supporting memorandum of law in order to avoid

further incurring attorneys' fees and costs which would be incurred in briefing the approval of this Settlement Agreement to the Court and which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter in a mutually-agreeable manner.

WHEREFORE, for all the foregoing reasons, Plaintiffs and Defendants request that the Court enter an Order approving the Settlement Agreement, and dismiss the case with prejudice and without further costs to either party pursuant to FED. R. CIV. P. 41.

Dated this 17th day of December, 2020.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| **s/ Andrew Helminiak** <br> Andrew Helminiak, SBN 1064870 <br> ahelminiak@jlk-law.com | **s/ Larry A. Johnson** <br> Larry A. Johnson, SBN 1056619 <br> ljohnson@hq-law.com <br> Summer H Murshid, SBN 1075404 <br> smurshid@hq-law.com <br> Timothy P Maynard, SBN 1080953 <br> tmaynard@hq-law.com |
| **Judge, Lang, & Katers, LLC** <br> 8112 W. Bluemound Road, Suite 101 <br> Wauwatosa, WI 53213 <br> (414) 777 0778 (office) <br> (414) 777-0776 (facsimile) | **Hawks Quindel, S.C.** <br> 222 E Erie Street, Suite 210 <br> Milwaukee, WI 53202 <br> (414) 271-8650 (office) <br> (414) 271-8442 (facsimile) |
| **Attorney for Defendants** | **Attorneys for Plaintiffs** |