DocuSign Envelope ID: BDA6A2D6-D10F-459D-8D5F-95F16EA3E6D0

# Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Yoon Pae (Plaintiff), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) listed on Exhibit A (the "Collective Class"), and Woori Wells Corp., Woori, Corp, Kanpai Japanese Restaurant, Kanpai 2, Maru Sushi, Jong Soo Kim, and Hye Jung Kim (collectively "Defendants").

## Recitals

WHEREAS, Plaintiff and the Collective Class allege that Defendants failed to pay them and the Collective Class minimum wages, overtime, and agreed upon wages for all hours worked as a result of Defendants' payroll practices.

WHEREAS, Defendants deny the allegations and deny liability.

WHEREAS, Defendants have provided data and information relevant to Plaintiff's and the Collective Class' allegations to Plaintiff's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties entered into arm's length negotiations and agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Plaintiff and the Collective Class.

WHEREAS, Hawks Quindel, S.C., has represented Plaintiff and the Collective Class and negotiated with Defendants at arm's length throughout this matter to ensure that Plaintiff and the Collective Class are fairly compensated based on their allegations.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

**I.  General Terms of Settlement**

    A.    In exchange for the Release of Claims and other promises contained herein, Defendants will, in accordance with the manner and timing provided for in Sections III(A)–IV(C), below, make payments to Plaintiff, the Collective Class, and Plaintiff's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

    B.    Plaintiff and the Collective Class understand and acknowledge that,

DocuSign Envelope ID: BDA6A2D6-D10F-459D-8D5F-95F16EA3E6D0

although Defendants are entering into this Agreement and making the payments hereunder, Defendants do not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

II. **Release of Claims, Acknowledgments, and Agreement to Cooperate**

    A.    Plaintiff's Release of Claims.

Plaintiff hereby and forever completely release and discharge Defendants, from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Plaintiff and Defendants based on any act or omission that occurred between February 28, 2017 and the date the Court approves this Agreement. Plaintiff's and the Collective Class release of claims against the Defendants, includes: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This release does waive any claims Plaintiff have against Defendants under workers compensation laws.

    D.    Sushi Chef Class Members' Release of Claims.

Upon approval of this Settlement Agreement, Jung Keun Kim, Yeong Ho Im, and Chulho Woo release Defendants for their FLSA, as well as

their Wisconsin law claims, for unpaid minimum, overtime, and/or agreed upon wages arising out of Defendants alleged failure to pay for all hours worked, including overtime hours at the applicable overtime rate, between February 28, 2017 and the date the Court approves this Agreement.

E. Acknowledgments and Agreement to Cooperate.

Plaintiff acknowledges and agree that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of minimum wages, overtime wages, liquidated damages, civil penalties, compensatory and punitive damages, interest, and their legal fees and costs. Plaintiff further agrees that this settlement represents fair and reasonable compensation for any unpaid wages they may have accrued during their employment with Defendants, inclusive of any claim for liquidated damages, and that Defendants do not owe Plaintiff any further compensation or any other amounts for work performed by Plaintiff during their employment with Defendants.

## III. Settlement Payments

A. Settlement Fund.

As consideration for the releases in Section II above, Defendants shall pay $56,000 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, and interest as described below. If the Settlement Agreement is not approved by the Court, Defendants will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B. Allocation of the Settlement Fund.

1. Attorneys' fees - $18,666.67 of the Settlement Fund shall be allocated as attorneys' fees.

2. Costs - $672.90 of the settlement fund shall be allocated as costs.

3. Settlement Class Funds – The remaining portion of the Settlement Fund, $36,660.44, shall be allocated to Plaintiff and the Collective Class. Plaintiff and the Collective Class shall receive a pro-rata share of the Settlement Class Fund in an amount not to exceed the figure set forth in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings.

    Defendants will report the unpaid wages portion Plaintiff and the Collective Class on an IRS Form W2. One-half shall be attributed to civil penalty and/or liquidated damages for Plaintiff and the Collective Class will receive an IRS Form 1099 from Defendants.

 C. Payment Schedule. The payment identified in this subsection will be paid in one initial payment of $20,000 delivered within 30 days of Court approval of this agreement, followed by six equal installments delivered every 30 consecutive days thereafter, pursuant to the schedule on Exhibit A. Defendants will deliver the checks provided for in Exhibit A to the offices of Hawks Quindel, S.C., 222 East Erie Street, Suite 210, Milwaukee, WI 53201 by the close of business on the date listed in Exhibit A.

## IV. Settlement Approval Process.

 A. Court Approval of Settlement.

The Parties will file with the Court, by December 23, 2020, a Joint Motion for Approval of Settlement and a Proposed Order Approving Settlement, in a form mutually agreed to by the Parties. Plaintiff's Counsel will prepare the initial draft of these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate.

 B. Dismissal and Entry of Mandatory Injunction.

If this Settlement Agreement is approved by the Court, an Order of Dismissal and Entry of Mandatory Injunction shall be entered in the form of Exhibit B.

 C. Settlement Administration.

If the Court approves this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The parties agree to the following procedure for settlement administration:

  1. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after ninety days.

2. Disbursement. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members.

3. Cy pres. Any portion of the Settlement Fund that remains undeliverable or is otherwise not cashed within one-hundred and twenty days after each payment shall be delivered to the cy pres recipient below. Defendants shall provide Plaintiff's Counsel with an accounting of unclaimed settlement funds within one-hundred and twenty days after each payment, including the name of each person whose checks were unclaimed, and the individual amount. One-hundred and twenty days after the final payment, Defendants shall provide Plaintiff's Counsel with a final accounting of all unclaimed settlement funds. Within seven days of approval by Plaintiff's Counsel, Defendants shall distribute those funds as a cy pres payment to The Employee Rights Advocacy Institute for Law & Policy, 1800 Sutter Street, Suite 210, Concord, CA 94520, copying Plaintiff's Counsel on the mailing of the cy pres payment.

## V. Breach

If Defendants breach this Agreement by failing to make the payments provided herein, Defendants shall have fourteen days to cure such a breach from receiving notice of such breach to the following by USPS Mail or Email:

| For Defendants: | For Plaintiffs: |
|---|---|
| Andrew R. Helminiak | Larry Johnson |
| Judge Lang & Katers, LLC | Hawks Quindel, S.C. |
| 8112 West Bluemound Road, Suite 101 | 222 E Erie St., Suite 210 |
| Wauwatosa, WI 53213 | Milwaukee WI 53202 |
| ahelminiak@jlk-law.com | ljohnson@hq-law.com |

Failure to cure such a breach will result in Plaintiff filing a motion with the Court to enforce the Court's mandatory injunction. Plaintiff shall be entitled to recover from Defendants its attorneys' fees and costs incurred resulting from Defendants' failure to timely make the payments provided for herein. The Court shall retain jurisdiction over this matter for the sole purpose of enforcing its orders, including the mandatory injunction. The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy. Further, Defendants affirmatively state that they do not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and have not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy.

## VII. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII.   Entire Agreement

This document and its Exhibits A-B constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements.

## X.     Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

[the remainder of this page is intentionally left blank]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

12/14/2020
───────────────
Dated

*Yoon Pae* (DocuSigned)
─────────────────────────────
Yoon Pae on behalf of himself, and the Collective Class

───────────────
Dated

─────────────────────────────
Jong Soo Kim

───────────────
Dated

─────────────────────────────
Hye Jung Kim

Woori Wells Corp.

───────────────
Dated

By: ─────────────────────

Its: ─────────────────────

Woori, Corp.

───────────────
Dated

By: ─────────────────────

Its: ─────────────────────

7

DocuSign Envelope ID: BDA6A2D6-D10F-459D-8D5F-95F16EA3E6D0

|  | Kanpai Japanese Restaurant |
|---|---|
| _____<br>Dated | By: _____<br><br>Its: _____ |
|  | Kanpai 2 |
| _____<br>Dated | By: _____<br><br>Its: _____ |
|  | Maru Sushi |
| _____<br>Dated | By: _____<br><br>Its: _____ |

8

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____  
Dated

Yoon Pae on behalf of himself, and the Collective Class

12/15/20  
Dated

_____  
Jong Soo Kim

12/15/20  
Dated

_____  
Hye Jung Kim

Woori Wells Corp.

12/15/20  
Dated

By: _____

Its: _Jongsoo Kim, CEO_

Woori, Corp.

12/15/20  
Dated

By: _____

Its: _Jongsoo Kim, CEO_

7

Case 2:20-cv-00325-LA    Filed 12/17/20    Page 9 of 15    Document 23-1

Kanpai Japanese Restaurant

12/15/20
Dated

By: _____

Its: Jongsoo Kim, CEO

Kanpai 2

12/15/20
Dated

By: _____

Its: Jongsoo Kim, CEO

Maru Sushi

12/15/20
Dated

By: _____

Its: Jongsoo Kim, CEO

8

Exhibit A to Settlement Agreement – Pro Rata Allocation

| Date Due | Instalment Payment Amount | Allocation | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Hawks Quindel | Yeong Ho Im | | Chul Ho Woo | | Jung Keun Kim | | Yoon Pae | |
| | | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 |
| 30 days from Court order | $20,000.00 | $7,339.57 | $3,697.37 | $3,697.37 | $92.54 | $92.54 | $245.49 | $245.49 | $2,294.82 | $2,294.82 |
| 60 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 90 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 120 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 150 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 180 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 210 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| YOON PAE,<br>Individually and on behalf of<br>all others similarly situated,<br>      Plaintiff,<br><br>   v.<br><br>WOORI WELLS CORP.,<br>d/b/a Maru Sushi, *et al*.<br>      Defendants. | CASE NO. 20-CV-325 |

## ORDER OF DISMISSAL AND
## ENTRY OF MANDATORY INJUNCTION

The Parties previously filed a Joint Motion for Court Approval of the Settlement Agreement and Dismissal of Claims with Prejudice and explained why they believe the settlement agreement reflects a reasonable compromise of the disputed issues. (ECF No. XX.) The Parties' settlement agreement was attached to their motion. (ECF No. XX-1.) The Parties agreed that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. Plaintiff request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

IT IS HEREBY ORDERED:

1.    The Settlement Agreement (ECF No. ##-1) is fair, reasonable, and reflects a reasonable compromise of bona fide disputes between the Parties and

DocuSign Envelope ID: BDA6A2D6-D10F-459D-8D5F-95F16EA3E6D0

GRANTS the Parties' motion for Court approval of settlement, stipulated injunction, and dismissal of claims with prejudice.

2. The Court finds that Plaintiff's Counsel's attorneys' fees and costs are reasonable and fair and grants that request, and awards Hawks Quindel, S.C. $18,666.67 in attorneys' fees and $672.90 in costs.

3. The Parties shall comply with the terms of their settlement agreement entered. The Court orders Defendants Woori Wells Corp., Woori, Corp, Kanpai Japanese Restaurant, Kanpai 2, Maru Sushi, Jong Soo Kim, and Hye Jung Kim to make the settlement payments pursuant to the schedule in this order.

4. Specifically, the Court ENTERS a mandatory injunction requiring Defendants Woori Wells Corp., Woori, Corp, Kanpai Japanese Restaurant, Kanpai 2, Maru Sushi, Jong Soo Kim, and Hye Jung Kim are to deliver payments to Plaintiff and the Collective Class Members identified below, in the following amounts and pursuant to the following schedule:

| Date Due | Instalment Payment Amount | Allocation | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Hawks Quindel | Yeong Ho Im | | Chul Ho Woo | | Jung Keun Kim | | Yoon Pae | |
| | | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 |
| 30 days from Court order | $20,000.00 | $7,339.57 | $3,697.37 | $3,697.37 | $92.54 | $92.54 | $245.49 | $245.49 | $2,294.82 | $2,294.82 |
| 60 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 90 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 120 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 150 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 180 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |
| 210 days from Court order | $6,000.00 | $2,000.00 | $1,168.17 | $1,168.17 | $29.24 | $29.24 | $77.56 | $77.56 | $725.04 | $725.04 |

5. The Court ORDERS the payments must be delivered to Plaintiff's Counsel, at the following address, by the end of business on the date in the above schedule or, if the date above falls on a weekend, the following business day:

    Larry A. Johnson
    Hawks Quindel, S.C.
    222 East Erie Street, Suite 210
    Milwaukee, WI 53201

6. By consent of the Parties, the Court shall retain jurisdiction for the sole purpose of enforcing the terms of the settlement agreement and the mandatory injunction contained herein.

7. Except as provided for in paragraphs 1 through 6 above, this case is dismissed with prejudice. Each party shall bear its own attorneys' fees and costs not otherwise provided for the Settlement Agreement or this order.

Dated at Milwaukee, Wisconsin, this __ day of December, 2020.

DocuSign Envelope ID: BDA6A2D6-D10F-459D-8D5F-95F16EA3E6D0

BY THE COURT:

_____
Lynn Adelman
U.S. District Judge